UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
PHARMERICA CORPORATION, :
 : CASE NO. 1:14-CV-00774
       Plaintiff, :
 :
vs. : OPINION & ORDER
 : [Resolving Docs. 2 & 4]
MARY JO MCELYEA & ABSOLUTE :
PHARMACY, INC., :
 :
       Defendants. :
 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this breach of contract/misappropriation of trade secrets action, Plaintiff PharMerica Corporation moves for a temporary restraining order and a preliminary injunction.[1] Plaintiff asks the Court to enjoin Defendant Mary Jo McElyea from working for Defendant Absolute Pharmacy, Inc., for six months; prohibiting Defendant McElyea from revealing confidential information; prohibiting McElyea from soliciting Plaintiff's clients; requiring that Defendants return all Plaintiff's business information they possess; and requiring that Defendants preserve communications relevant to Plaintiff's claims.[2] The Court **DENIES** Plaintiff's motion for a temporary restraining order but sets Plaintiff's motion for a preliminary injunction for a hearing. The Court also **GRANTS** Plaintiff's motion for discovery.[3]

Plaintiff PharMerica is an institutional pharmacy services provider.[4] In 2011, PharMerica acquired the assets of another pharmacy and hired some of its employees, including Defendant Mary

---

[1] Doc. 2.
[2] *Id.*
[3] Doc. 4.
[4] Doc. 1 at 2 ¶ 8.

-1-

Case No. 1:14-CV-00774
Gwin, J.

Jo McElyea.[5] McElyea served as an Account Executive and reported to the Vice President of Sales and Client Management.[6]

In March 2014, McElyea attended Plaintiff's national sales meeting.[7] Plaintiff says McElyea received confidential business information at the meeting.[8] Less than two weeks after the meeting, McElyea resigned.[9] Plaintiff says that prior to leaving PharMerica McElyea forwarded her entire customer contact list to her home account.[10]

On April 7, 2014, she began working for Defendant Absolute Pharmacy in the same geographic area where she had worked for Plaintiff.[11]

When McElyea began working for Plaintiff, Plaintiff presented her with a non-compete agreement.[12] She printed her name where the agreement said "Print Name" in the signature block and dated it February 28, 2013, but she did not leave any mark on the signature line.[13] Plaintiff's Director of Human Resources signed the agreement and dated it June 25, 2013.[14]

The agreement prohibits the employee from working for any competing company for six months after leaving Plaintiff's employment without Plaintiff's written permission.[15] The agreement

---

[5] *Id.* at 3 ¶12, 4-5 ¶ 16.
[6] *Id.* at 5 ¶ 18.
[7] *Id.* at 9-10 ¶ 35.
[8] *Id.*
[9] *Id.* at 10 ¶ 36.
[10] *Id.* at 11 ¶ 40.
[11] *Id.* at 10 ¶¶ 36, 38.
[12] Doc. 1-1.
[13] *Id.* at 6.
[14] *Id.*
[15] *Id.* at 3.

Case No. 1:14-CV-00774
Gwin, J.

also prohibits the employee from soliciting Plaintiff's clients or employees for twelve months.[16] The agreement also says that the parties agree that monetary damages are inadequate to compensate Plaintiff for a breach of the agreement, and that Plaintiff may recover its attorneys' fees.[17]

Plaintiff sues Defendants for breach of this agreement, misappropriation of trade secrets, breach of the duty of loyalty, and tortious interference with business and employment relationships.[18] Plaintiff seeks a temporary restraining order or preliminary injunction requiring McElyea to comply with the agreement and barring release of trade secrets.[19]

In deciding whether to grant injunctive relief under Rule 65, the Court considers four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest.[20] A court need not make specific findings on each factor, if fewer factors dispose of the issue.[21] An injunction is an "extraordinary remedy" available only when the circumstances "clearly demand it."[22]

In this case, the Court finds that the first two factors do not support a temporary restraining order, and, therefore, the Court will not issue a temporary restraining order.

Plaintiff has not shown a sufficient likelihood of success on the merits of its breach of contract claim. In order to bring a breach of contract claim, Plaintiff must show a valid contract

---

[16] *Id.* at 4.
[17] *Id.* at 4-5.
[18] Doc. 1.
[19] Doc. 2.
[20] *Eden Foods, Inc. v. Sebelius*, 733 F.3d 626, 631 (6th Cir. 2013) (citing *Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 590-91 (6th Cir. 2012).
[21] *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).
[22] *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 726 F.3d 767, 784 (6th Cir. 2013) (quoting *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000)).

Case No. 1:14-CV-00774
Gwin, J.

exists.[23] Given that McElyea printed her name where the contract said, "Print Name," but did not sign on the main signature line, the facts at this time do not show that McElyea clearly intended to sign the contract. A printed name may constitute a signature, but only where that mark is intended to constitute a signature.[24]

And although conduct may demonstrate agreement to a contract,[25] the fact that Plaintiff did not sign the contract until four months after it presented the contract to McElyea suggests that both parties did not intend for the written agreement to constitute part of their employment relationship; rather McElyea could have rejected the contract and Plaintiff acquiesced until June 2013.

Additionally, non-compete agreements must contain reasonable restrictions on the employee's ability to work.[26] Without additional information about her employment at PharMerica and Absolute Pharmacy, the Court cannot conclude that the restrictions in this case are reasonable and that Plaintiff is clearly entitled to relief. Therefore, Plaintiff has not shown a likelihood of success on its claims based on the non-compete agreement.

Moreover, Plaintiff fails on the second factor; it cannot show an irreparable injury without the restraining order because Plaintiff's common law claims against Defendants are compensable at law. If Plaintiff loses any customers or employees as a result of the disclosure of its confidential

---

[23] *Torrance v. Cincinnati Metro. Hous. Auth.*, No. C-081292, 2010 WL 1239555, at * 4 (Ohio Ct. App. Mar. 31, 2010).

[24] *See Weiss v. Hanscom*, 205 S.W.2d 485, 487 (Ky. 1947) (quoting *Reed v. Hendrix's Ex'r*, 201 S.W. 482, 485 (Ky. 1918)) ("[A]ny mark or character *intended as a signature* is sufficient." (emphasis added)); *Sturgill v. Randolph*, No. CA85-05-029, 1985 WL 4643, at *2 (Ohio Ct. App. Dec. 23, 1985) (per curiam) (trial court did not err in finding a valid signature where name was "*typed on the signature line*" (emphasis added)). The Court does not need to decide whether Ohio or Kentucky law applies to the formation of the contract at this time. Under either law, Plaintiff has not shown he is likely to succeed on the merits with respect to the agreement.

[25] *See American States Ins. Co. v. Honeywell, Inc.*, No. 56552, 1990 WL 19319, at *5-6 (Ohio Ct. App. Mar. 1, 1990); *Cowden Mfg. Co. v. Sys. Equip. Lessors, Inc.*, 608 S.W.2d 58, 61 (Ky. App. 1980).

[26] *See Raimonde v. Van Vlerah*, 325 N.E.2d 544, 547 (Ohio 1975); *Stiles v. Reda*, 228 S.W.2d 455, 456 (Ky. 1950).

-5-

Case No. 1:14-CV-00774
Gwin, J.

business information, Plaintiff will be able to prove its lost profits or replacements costs.

Plaintiff cannot show irreparable harm here particularly because the Court will schedule a hearing on the preliminary injunction; in a short time, Plaintiff will be able to present evidence showing that it cannot effectively calculate its lost profits or costs.

Therefore, the Court **DENIES** Plaintiff's request for a temporary restraining order. However, the Court schedules Plaintiff's request for a preliminary injunction for a hearing on **Thursday, April 24, 2014 at 1:30 p.m.** in Courtroom 18A (Cleveland).

The Court also **GRANTS** Plaintiff's motion for discovery. The parties may take whatever reasonable discovery they need to prepare for the hearing.

IT IS SO ORDERED.

Dated: April 16, 2014                                    s/    *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE