UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
PHARMERICA CORPORATION,                       :
                                              :     CASE NO. 1:14-CV-00774
                      Plaintiff,              :
                                              :
vs.                                           :     OPINION & ORDER
                                              :     [Resolving Docs. 23 & 27]
MARY JO MCELYEA & ABSOLUTE                    :
PHARMACY, INC.,                               :
                                              :
                      Defendants.             :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In this breach of contract/misappropriation of trade secrets action, Defendants Mary Jo

McElyea and Absolute Pharmacy move the Court to clarify the Court's preliminary injunction

order.[1]  Plaintiff PharMerica Corporation opposes the motion[2] and moves to seal certain documents

that were filed on the Court's docket.[3]

      The Court address each motion in turn.

## I. PharMerica's Motion to Seal

      With their motion for clarification, Defendants McElyea and Absolute Pharmacy submitted

correspondence between counsel that included the names of nursing facilities PharMerica says are

covered by the Court's injunction.[4]

      PharMerica believes the names of these facilities are non-public, proprietary information that

_____

[1]/Doc. 23.
[2]/Doc. 28.
[3]/Doc. 27.
[4]/See Doc. 23-3; Doc. 23-4; Doc. 23-5; Doc. 23-6; Doc. 23-8; Doc. 23-9.

Case No. 1:14-CV-00774
Gwin, J.

reveals elements of its business strategy.[5]  PharMerica also believes that to oppose Defendants'
motion PharMerica must also submit non-public, proprietary information for the Court's
consideration.[6]

PharMerica therefore asks the Court to seal Defendants' exhibits and to permit PharMerica
to file a declaration and accompanying exhibits under seal.[7]  PharMerica also submitted a copy of
its declaration to the Court for inspection.

The Court agrees that the names of facilities that PharMerica has solicited or is planning to
solicit are non-public information that may reveal PharMerica's business strategy.  The Court also
agrees that identifying information, lead sourcing, and potential pricing may reveal PharMerica's
business strategy and trade secrets.  Accordingly, the Court **GRANTS** the motion to seal.[8]  However,
the Court believes that public access to the Court's docket is an important good[9] and finds that
PharMerica's proposed redactions for public view of the material are insufficient.[10]

Accordingly the Court

(1)     seals Documents 23-3, 23-4, 23-5, 23-6, 23-8, and 23-9;

(2)     orders Defendants McElyea and Absolute Pharmacy to file public versions of those
        documents that redact the names of the facilities;

(3)     permits PharMerica to file the Bucy Declaration and accompanying exhibits under seal; and

---

[5] *See* Doc. 27-1 at 1.

[6] *See id.*

[7] *Id.*

[8] *See* Fed. R. Civ. P. 5.2(d) & 26(c)(1)(G).

[9] *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178 (6th Cir. 1983) ("Throughout our
history, the open courtroom has been a fundamental feature of the American judicial system.").

[10] *See* Fed. R. Civ. P. 5.2(d).

Case No. 1:14-CV-00774
Gwin, J.

(4)     orders PharMerica to file a public version of the declaration and exhibits with the following

changes to the redactions:

On pages PMC0001997-PMC0002003, PharMerica may redact the columns labeled
Account Name, Opportunity Name, Age, Close Date, Next Step, Lead Source,
Licensed Beds, Estimated Revenue, and Total Calculated Beds.

On pages PMC0002004-PMC0002010, PharMerica may redact the columns labeled
Company/Account, Contact, Lead, and Opportunity.

In the attachment to PMC0001938, PharMerica may redact the columns labeled
Opportunity Name, Close Date, Contract Start Date, Distance to Pharmacy,
Pharmacy, Licensed Beds, Lead Source, Incumbent, Competitor 1, Competitor 2, and
Account Name.

## II. Defendants' Motion to Clarify and Modify the Preliminary Injunction

The Court issued a preliminary injunction restraining Defendant McElyea from contacting facilities that were or became PharMerica clients while she was employed at PharMerica and "any facilities that were not PharMerica's nor Absolute Pharmacy's clients and that she solicited on PharMerica's behalf during the six months before she left PharMerica employment."[11]

Because the parties disagreed about which facilities McElyea "solicited," Defendants seek clarification about what facilities McElyea may contact on Absolute Pharmacy's behalf.[12] Defendants also seek to modify the injunction to merely prohibit her from using trade secrets.[13]

Because of the disagreement between the parties on the scope of the injunction, the Court **GRANTS** the motion to clarify.

With its prior opinion, the Court intended to stop McElyea from contacting all of the facilities

---

[11]/Doc. 18 at 10.
[12]/Doc. 23 at 5-6.
[13]/Id. at 6-7.

-3-

Case No. 1:14-CV-00774
Gwin, J.

that were customers of PharMerica while McElyea worked there because McElyea's conduct demonstrated a risk that she would use PharMerica's trade secrets and confidential business information she learned through her employment.  The risk that she would use non-public information was not limited to just the customers she was responsible for but rather extended to all of PharMerica's customers at that time.

However, the Court found that the risk of using confidential information was smaller for PharMerica's non-customers.  Accordingly, the Court intended to stop McElyea from contacting those facilities that she personally solicited to become PharMerica customers during the six months before she left PharMerica employment.  Therefore, customers she contacted about attending a symposium would not fall under the Court's injunction.

The injunction also does not include customers that PharMerica believes McElyea contacted to become PharMerica customers but does not have evidence of the communications.  If PharMerica subsequently learns through discovery that McElyea did personally solicit the facilities it now only believes she solicited, PharMerica may add those facilities to the list covered by the injunction at that time and, if warranted, file an appropriate motion.

The Court **DENIES** the motion to modify the injunction.  The Court has scheduled a bench trial for July 21, 2014.  Given the evidence that the Court found at the hearing, the Court sees no need to modify the injunction before the trial.

IT IS SO ORDERED.

Dated:  July 1, 2014                              s/        *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

-4-